**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-6332**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOHN LAWTON LEDINGHAM,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, Senior
District Judge.  (6:07-cr-00007-nkm-1)

———————

Submitted:  February 3, 2010          Decided:  March 17, 2011

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph A. Sanzone, SANZONE & BAKER, P.C., Lynchburg, Virginia,
for Appellant.  Timothy J. Heaphy, United States Attorney, Craig
J. Jacobsen, Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lawton Ledingham was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). He moved for a new trial based on a diary belonging to his wife, which suggested that, contrary to her trial testimony, the firearms found in Ledingham's home belonged to her. The district court denied Ledingham's motion. Finding no reversible error, we affirm.

We review a district court's denial of a motion for a new trial under Fed. R. Crim. P. 33 for abuse of discretion. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). To receive a new trial based on newly-discovered evidence, a defendant must show that: (1) the evidence is newly-discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). The district court should deny the motion unless the defendant demonstrates all five of these factors. Id.

We hold that the district court did not abuse its discretion when it denied Ledingham's motion for a new trial. First, the diary is cumulative of ownership claims Ledingham's wife initially made to the police before trial, which were

2

presented to the jury at trial. It is also impeaching, going directly to Ledingham's wife's credibility. Because Ledingham's conviction was supported by evidence other than his wife's testimony, we conclude that this is not the kind of rare case in which a new trial based on newly discovered impeachment evidence is warranted. See United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993).

Moreover, the diary entries would not result in a jury being more likely than not to acquit Ledingham. Again, we note Ledingham's wife's trial testimony was not the only evidence presented that Ledingham possessed firearms. Additionally, the diary merely calls into question the ownership of the firearms. Ownership, however, is not required to sustain a conviction under 18 U.S.C. § 922(g)(1), and the jury heard significant evidence that Ledingham constructively possessed the firearms. See United States v. Branch, 547 F.3d 328, 343 (4th Cir. 2008).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3